Joseph Ray CROOK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–473.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1976.

---

William Lewis Funk, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Harold T. Garvïn, Jr., Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Joseph Ray Crook, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–2113, with the crime of Rape in the Second Degree, in violation of 21 O.S.1971, § 1111. His punishment was fixed at fifteen (15) years' imprisonment in the state penitentiary, and he appeals.

Briefly stated, the facts at the trial reveal that on February 16, 1974, Marsha Ann Holmes left her eight month old baby girl under the care of the defendant for a period of approximately five hours. Upon her return she discovered, when changing the baby's diaper, that there were lacerations and bleeding in the area of the baby's vagina and rectum. The father of the baby was called into the room and after observing the baby the father asked the defendant what had happened to the baby and the defendant replied that he didn't know. Thereafter a fight ensued between the defendant and the father. During the fight the defendant stated to the father "that he did it." Thereafter the baby was taken to Dr. James S. Lewis for examination and treatment.

Dr. Lewis testified to the lacerations and bleeding in the vaginal area and in his opinion, "the type laceration extending from just in the introital area to the anus could be caused only by something spreading the labia with enough force to cause this tearing."

Officers Johnson and Woody of the Oklahoma City Police Department, testified to defendant's confession.

After the State rested its case, the defendant called Judge Stewart Hunter, who testified outside the presence of the jury in behalf of defendant's Motion to Suppress.[1]

Thereafter, the defendant rested his case without presenting any evidence in his behalf.

Defendant's first assignment of error asserts that the trial court erred in admitting a confession by the defendant. He specifically contends that since he was a juvenile at the time of his confession that his confession was taken in violation of 10 O.S. 1971, § 1109, which states, in pertinent part:

"(a) No information gained by questioning a child shall be admissible into evidence against the child unless the questoning about any alleged offense by any law enforcement officer or investigative agency, or employee of the court, or the Department is done in the presence of said child's parents, guardian, attorney, or the legal custodian of the child, . . ."

The record reveals that the confession was given in front of defendant's grandmother after both the defendant and his grandmother were advised of the Miranda rights and acknowledged they understood them.

At the Motion to Suppress Hearing, Oklahoma City Police Officer Ernest

---

1. Judge Hunter's testimony is set forth under defendant's first assignment of error.

Johnson testified the defendant's grandmother represented to him that she had legal custody of the defendant and that she had raised the defendant since he was a child. After advising both the defendant and his grandmother of the Miranda warnings, and both acknowledging that they understood them, the defendant indicated that he wanted to make his statement outside the presence of his grandmother. Defendant's grandmother left the room and defendant admitted his complicity in the crime. Thereafter, defendant's grandmother was brought back and defendant again, in the presence of his grandmother, confessed to the crime.

Officer Jim Woody of the Oklahoma City Police Department testified he was present during defendant's interrogation. His testimony was substantially the same as that of Officer Johnson.

Defendant's grandmother then took the stand and testified that she did not tell Officers Johnson and Woody that she was the defendant's guardian; however, she did testify that the defendant lived with her half the time and that she helped raise him.

Thereafter, the trial court ruled that the confession given in the presence of the grandmother was admissible and the confession given outside the presence of the grandmother was inadmissible.

The record further reveals that after the State rested, the defense called Judge Stewart Hunter, Presiding Judge of the Oklahoma County District Court, Juvenile Division. Judge Hunter testified that on February 20, 1974 (the date of the interrogation), that his records revealed that the defendant lived with his grandmother and that in his opinion the grandmother, as defendant's custodian, had the authority to say whether or not a police officer could interrogate the defendant.

■ Based on the above facts that were before the trial court, we find that the defendant's grandmother was his custodian or guardian for the purpose of meeting the statutory requirements of 10 O.S.1971, § 1109, supra. We, therefore find no error in the trial court's ruling on defendant's Motion to Suppress.

■ Defendant's final assignment of error asserts that the trial court erred in refusing his requested instruction on attempted rape in the second degree. After a careful review of the evidence we find that the evidence of defendant's guilt is overwhelming and uncontroverted that the defendant made penetration of the child. We cannot see how any honest, intelligent jury, under the evidence in the case, could have returned a verdict other than guilty. Therefore, there being no evidence of merely an attempt, the trial court rightfully refused to give defendant's requested instruction.

For all of the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, *affirmed*.

BRETT, P. J., and BLISS, J., concur.